UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| WALTER SKIPPER | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-6164 |
| A&M DOCKSIDE REPAIR, INC. ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is defendant and third-party plaintiff A&M Dockside Repair, Inc.'s (A&M) motion for summary judgment against third-party defendant Helix Resources, LLC (Helix).[1] Because the indemnity provision between Helix and A&M contains an exception for A&M's sole negligence, the Court denies the motion.

## I. BACKGROUND

This case arises out of a workplace accident. At the time of the accident, plaintiff Walter Skipper was employed by third-party defendant Helix as a painter and blaster.[2] On August 11, 2017, plaintiff was working on a barge owned and operated by defendant Cashman Equipment Corporation,

---

[1] R. Doc. 32.
[2] R. Doc. 1 at 2 ¶ 4; R. Doc. 32-3 at 1 ¶ 1; *see generally* R. Doc. 33-1.

and chartered by defendant Osprey Line, LLC.[3] The barge was in a shipyard that is owned and operated by A&M.[4] In the course of performing his duties, plaintiff allegedly fell into an open manhole cover on the barge and suffered severe injuries.[5] At the time of the accident, A&M's and Helix's relationship was governed by a service agreement that included two reciprocal indemnity provisions.[6]

On June 22, 2018, plaintiff filed a complaint alleging negligence against defendants A&M and Cashman Equipment Corporation.[7] On October 15, 2018, plaintiff filed an amended complaint adding defendant Osprey Line as the owner of the vessel on which he was injured.[8] On November 29, 2018, the Court granted plaintiff's motion to voluntarily dismiss his claims against defendant Cashman Equipment.[9] On January 17, 2019, the Court granted A&M's motion for leave to file a third-party complaint against Helix.[10] A&M has now filed a motion for summary judgment on the basis that Helix has indemnified it against the plaintiff's

---

[3] R. Doc. 32-3 at 1 ¶ 2; *see generally* R. Doc. 33-1.
[4] *Id.*
[5] R. Doc. 1 at 2 ¶ 4.
[6] R. Doc. 32-3 at 1 ¶ 4; R. Doc. 33-1 at 2 ¶ 4.
[7] *See* R. Doc. 1.
[8] R. Doc. 15.
[9] R. Doc. 23.
[10] R. Doc. 25.

claims under the terms of the two companies' service agreement.[11]  Helix opposes the motion.[12]

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075.  A dispute about a material fact is genuine "if the evidence is such that

---

[11]  R. Doc. 32.
[12]  R. Doc. 33.

a reasonable [factfinder] could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 mandates the entry of

summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

**III. DISCUSSION**

A&M argues that it is entitled to summary judgment on its claim for indemnity against Helix on the basis of an indemnity provision in the service agreement that requires Helix to indemnify it against "all suits demands claims, fines, penalties, attorney's fees and actions of every type and character by whomever brought. . . ."[13] The service contract contains two identical indemnity provisions that require Helix to indemnify A&M, and also require A&M to indemnify Helix.[14] Together, the two provisions read as follows:

> Contractor[15] shall indemnify, hold harmless and defend at its own expense Client, Client's parent, subsidiary, and affiliated

---

[13] R. Doc. 32-1 at 3-4; R. Doc. 32-2 at 6.
[14] R. Doc. 32-2 at 6. Although the duel indemnity provisions require Helix and A&M to indemnify one another, the second paragraph requiring A&M to indemnify Helix has not been triggered because no suit, demand, claim, fine, penalty, attorney's fee or action for personal injury, property damage, or loss has been brought against Helix. Helix has been sued only by A&M for indemnity under the contract.
[15] Helix is referred to as the "contractor," and A&M is referred to as the "client."

5

companies, Client's purchasers, and the officers, directors, employees, agents, contractors, insurers, and subcontractors of each (hereinafter collectively "Client Group") from and against all suits demands claims, fines, penalties, attorney's fees and actions of every type and character by whomever brought, whenever occurring, suffered or incurred by contractor, contractor's parent subsidiary, and affiliated companies and the officers, directors, employees, agents, contractors, insurers, and subcontractors of each (hereinafter collectively "Contractor Group") without regard to the cause thereof for any bodily injury death or property damage or loss arising out of or resulting in any way from any conditions or defect in the work, or from performance of the work even if same should arise due to the concurrent negligence, strict liability or other legal fault of Client Group or the unseaworthiness of any Client owned or leased vessel excepting only injury death or property damage or loss resulting solely from Client's negligence and without negligence or fault on the part of Contractor Group or any other party whomsoever.

Client shall indemnify, hold harmless, and defend at its own expense contractor, contractor's parent, subsidiary, and affiliated companies and the officers, directors, employees, agents, contractors, insurers, and subcontractors of each (hereinafter collectively "Contractor Group") from and against all suits, demands, claims, fines, penalties, attorney's fees and actions of every type and character by whomever brought, whenever occurring, suffered or incurred by Client, Client's parent, subsidiary, and affiliated companies, and the officers, directors, employees, agents, contractors, insurers, and subcontractors of each (hereinafter collectively "Client Group") without regard to the cause thereof for any bodily injury, death, or property damage or loss, arising out of or resulting in any way from any conditions or defect in the work or from performance of the work even if same should arise due to the concurrent negligence, strict liability or other legal fault of Contractor Group or the unseaworthiness of any contractor owned or leased vessel, excepting only injury death or property damage or loss resulting solely from contractor's negligence and without negligence or

6

fault on the part of Client Group or any other party whomsoever.[16]

A&M argues that these parallel indemnity provisions constitute a "knock for knock" indemnity obligation in which each party is required to indemnify the other for claims brought by its own employees.[17] *See* 1 Admiralty & Mar. Law § 5:16 (6th ed. 2018) (explaining that knock for knock indemnity provisions "require[e] each party to indemnify the other for property damage claims or personal injury claims brought by their respective employees"). Because plaintiff was undisputedly Helix's employee at the time of the accident, A&M argues that the service agreement requires Helix to indemnify A&M against plaintiff's claims.[18]

As an initial matter, the Court must determine which law governs interpretation of the service agreement. The parties assume in their briefings that maritime law governs.[19] But the agreement provides, "[i]t is expressly agreed that this Agreement and all terms and conditions hereof, whether express or implied, shall be governed by and construed in accordance with the laws of the State of Louisiana."[20] In maritime cases, the Court applies

---

16 *Id.*
17 R. Doc. 36 at 1-2.
18 *Id.* at 2.
19 R. Doc. 32-1 at 3.
20 R. Doc. 32-2 at 6.

federal maritime choice of law rules. *Great Lakes Reinsurance (UK) PLC v. Durham Auctions, Inc.*, 585 F.3d 236, 241 (5th Cir. 2009). Under these rules, "contractual choice of law provisions are generally recognized as valid and enforceable." *Id.* at 242; 1 Admiralty & Mar. Law § 5:19 (6th ed. 2018) ("Choice of law . . . clauses in contracts may be set aside only on very narrow grounds: if they are shown to be unreasonable under the circumstances."). The Court therefore finds that Louisiana law governs interpretation of the service agreement.

Under Louisiana law, courts apply general rules of contract interpretation to construe indemnity provisions. *Liberty Mut. Ins. Co. v. Pine Bluff Sand & Gravel Co.*, 89 F.3d 243, 246 (5th Cir. 1996). "Interpretation of a contract is the determination of the intent of the parties." La. Civ. Code art. 2045. When the terms of a contract are clear and unambiguous and do not lead to absurd results, the Court interprets them as a matter of law. *Pine Bluff*, 89 F.3d at 246; *see also* La Civ. Code art. 2046 ("When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."). But "ambiguity in the terms of a contract gives rise to a fact question concerning the intent of the parties." *Pine Bluff*, 89 F.3d at 246.

Here, the clear and unambiguous terms of the indemnity provision do not require Helix to indemnify A&M in instances of "injury death or property damage or loss resulting solely from [A&M's] negligence and without negligence or fault on the part of [Helix] or any other party whomsoever."[21] No determination of negligence has been made, nor can the Court apportion negligence in deciding a motion for summary judgment. *See Tullos v. Res. Drilling, Inc.*, 750 F.2d 380, 385 (5th Cir. 1985) ("Questions of negligence in admiralty cases are fact questions.") (citing *Cheek v. Williams-McWilliams Co.*, 697 F.2d 649, 652 (5th Cir. 1983)). If A&M is found to be solely negligent in causing the plaintiff's injuries, Helix has no obligation to indemnify A&M. Thus, the Court cannot find that the indemnity provision applies as a matter of law, and it must deny A&M's motion. *See Emp'rs Ins. Co. of Wausau v. Jennie V'S Seafood, LLC*, 970 F. Supp. 2d 509, 515 (E.D. La. 2013) (denying summary judgment when indemnity provision contained an exception for claims caused by negligence of the indemnitee when no negligence determination had been made).

---

[21] *Id.*

## IV. CONCLUSION

For the foregoing reasons, A&M's motion for summary judgment is DENIED.

New Orleans, Louisiana, this __11th__ day of July, 2019.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE